**Ex parte William R. DUNCAN, Jr., Relator.**

**No. 15728.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 17, 1970.

</div>

Bob Carroll, Houston, for relator.

BELL, Chief Justice.

Relator, in an original habeas corpus proceeding in this Court, seeks his discharge from the custody of the sheriff of Harris County. Upon presentation of his

application this Court directed the issuance of the writ and ordered his release upon the posting of the bond fixed by us.

Relator was found guilty of contempt of court by the Domestic Relations Court No. 2 of Harris County for allegedly violating its order in failing and refusing to make payment of the future installments to become due on a note that was secured by a lien on an automobile received by Mrs. Duncan as a part of her interest in the community property when she obtained a divorce from Relator. The divorce was granted January 28, 1970.

The divorce decree, so far as is material here reads as follows:

"The Court finds that the parties hereto have divided their community property by agreement wherein the parties submitted to the Court that they had agreed that the Plaintiff * * * was to receive the 1968 Le Mans automobile, and the Defendant, William R. Duncan, Jr., was to continue payments thereon until it was paid in full at which time title would be transferred into her name as her sole and separate property * * * The Court finding such agreement to be the agreement of the parties, both parties representing to the Court that they are well aware of the value and consider said division to be reasonable, so Orders without taking testimony with regard to the value thereof or without making further finding as to the reasonableness of said division of community property, and accordingly, makes no further adjudication with regard thereto."

The balance of the judgment finds there were no children born to the marriage and that none were adopted, and, dissolves the bonds of matrimony between the parties.

There is nowhere in said judgment language ordering, decreeing, adjudging or otherwise directing that Relator make the installment payments.

The result is that the property division and the obligation of Relator to make the

**338**

note payments rest purely in contract. Such obligations are not enforceable by contempt.

 Even if the property settlement be considered a part of the judgment, the obligation to make payments on the note as they fell due is not enforceable by contempt. To allow such enforcement would amount to imprisonment in violation of Article I, Section 18, of the Constitution of Texas, Vernon's Ann.St. Ex Parte Yates, 387 S.W.2d 377 (Tex.); Greenhill, "Habeas Corpus Proceedings in the Supreme Court of Texas", 1 St. Mary's Law Review, pages 9–12.

The Relator is ordered discharged.