### Ex parte William Ira WEATHERLY, Relator.

#### No. 9256.

Court of Civil Appeals of Texas, Amarillo.

July 30, 1980.

J. Hudson Moyer, Amarillo, for petitioner.

Culton, Morgan, Britain & White, Don L. Patterson, Amarillo, for respondent.

REYNOLDS, Chief Justice.

In this original habeas corpus proceeding, relator William Ira Weatherly seeks his release from an alleged illegal confinement in jail by virtue of a written order of commitment for the offense of contempt of court. We provided for relator's release on proper bond pending our determination of the validity of the judgment ordering him confined. Relator contends the judgment is void because it confines him in jail for non–payment of debt in violation of Article I, Section 18, of the Constitution of the State of Texas. We agree the judgment is void, and order relator released from custody.

Following the filing of a suit for divorce by relator's wife, a temporary order was signed and entered on 3 March 1980 [1] by the judge of the 320th District Court of Potter County. This order, effective for 60 days, required relator to immediately pay $3,400 for his wife's use in "paying current obligations" of the parties. Relator also was ordered to pay his wife $400 on or before February 22, a date more than a week prior to the actual entry of the temporary order, and $400 on or before March 22. Additionally, relator was ordered to pay first lien mortgage installments of $1,129 per month on their residence at the Amarillo National Bank, and to furnish his wife evidence of payment.

Although providing his wife the $3,400, relator did not pay her either $400 amount, nor did he pay Amarillo National Bank the installment payments. As a consequence of the failures to pay, a show cause hearing was held in relator's presence on April 16 on the 251st District Court of Potter County. This hearing was followed by an order

signed and entered on May 22 by the judge of the 251st District Court. By this order, the judge, reciting a finding that relator failed to pay the first lien mortgage installments for February, March and April and that he had failed to pay the two $400 sums as ordered by the 320th District Court, adopted the temporary order of the 320th District Court as the order of the 251st District Court, and continued it in effect for an additional 60 days. In this same May 22 order, it was decreed that relator would have until May 10, a date twelve days past, to pay $4,187 into the registry of the court for delivery to relator's wife.

On the same day, May 22, the 251st District Court judge signed and entered an order and fiat ordering relator to appear and "show cause why he should not be punished for contempt of Court for failure to comply with the Court's order heretofore entered in this proceeding." Relator's appearance was set for June 19.

At the June 19 hearing in the 251st District Court, the court found that relator "did violate the prior order of this Court as alleged, by failing to pay into the registry of this Court for delivery to Petitioner herein [relator's wife], the sum of $4,187.00 before the 10th day of May, 1980." Relator was then adjudged in contempt of court. As punishment therefor, relator was ordered placed in the Potter County jail for six months, provided, however, that he "may purge himself of this contempt by paying into the registry of this Court the sum of $4,187.00 for delivery to the Petitioner herein." As further punishment for the contempt, he was fined $1.00 to be paid before he is released from jail. Costs of the proceeding were taxed against relator.

For relator to escape the restraint imposed on him, the judgment ordering him confined must be void. *Ex parte Davis*, 161 Tex. 561, 344 S.W.2d 153, 154–55 (1961). The judgment is void, relator contends, because its enforcement by contempt for failure to pay the monetary payments ordered constitutes imprisonment for debt in viola-

---

1. All dates and months subsequently mentioned are in the calendar year 1980.

tion of Article I, Section 18, of the Constitution of the State of Texas, which succinctly states: "No person shall ever be imprisoned for debt." We sustain the contention on the rationale expressed below.[2]

We refer to the moving papers and the whole judgment to ascertain the constituents of the adjudicated contempt. *Ex parte Latham*, 47 Tex.Cr.R. 208, 82 S.W. 1046, 1049 (1904). The reference manifests that relator was adjudged in contempt for violating the order to pay $4,187, $3,387 of which is, indisputably, the aggregate of the unpaid $1,129 monthly first mortgage lien installments on the residence for February, March and April.

It is well settled in Texas law that the obligation to make installment payments on a note is not enforceable by contempt, for such enforcement would amount to imprisonment for non–payment of a debt in violation of Article I, Section 18, of the Constitution of the State of Texas. *Ex parte Yates*, 387 S.W.2d 377, 380 (Tex.1965); *Ex parte Duncan*, 462 S.W.2d 336, 338 (Tex.Civ.App. Houston [1st Dist.] 1970, no writ). *Accord, Ex parte Gorena*, 595 S.W.2d 841, 845 (Tex. 1979). Insofar as a judgment of contempt orders one imprisoned for debt, it is void. *Ex parte Yates, supra*, at 380; *Ex parte Provost*, 598 S.W.2d 310, 311 (Tex.Civ.App. Beaumont 1979, no writ).

The judgment of contempt fixes one inseparable penalty for the adjudicated contempt in failing to pay the lump sum of $4,187, eighty percent of which consists of unpaid installments on a debt. Because the court is not authorized to enforce by contempt proceedings the non–payment of a debt, the whole judgment fixing but one inseparable penalty is tainted and void, and relator is illegally restrained of his liberty thereunder. *See Ex parte Stanford*, 557 S.W.2d 346, 348–49 (Tex.Civ.App.–Houston [1st Dist.] 1977, no writ); *Ex parte Werner*, 496 S.W.2d 121, 122–23 (Tex.Civ.App.–San Antonio 1973, no writ). As the whole judgment is void, relator is entitled to release

from the ordered confinement, thereby discharging the sureties upon his bond from all liability thereon. *Ex parte Provost, supra*, at 311.

The relator is ordered discharged.

---

2. The sustention of the contention makes it unnecessary to notice any other complaint about the judgment.