**Daniel T. WHITT, Sr., Appellant,**

v.

**Donna L. WHITT, Appellee.**

**No. C14–84–078CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 19, 1984.

D. Brooks Cofer, Jr., Bryan, H.J. Bernard, Houston, for appellant.

Kent Caperton, W. Stephen Rodgers, Bryan, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

MURPHY, Justice.

This is an original contempt proceeding by which Appellee-Movant seeks to hold Appellant-Respondent in contempt for the failure to comply with the Decree of Divorce of the trial court. The Decree continued Appellant's obligation to pay temporary support to Appellee and to pay the first and second liens on the home located at 1008 Rose Circle, Bryan, Texas. Appellant did not make some of the payments and has appealed the final divorce decree to this court. Appellant argues that he cannot be held in contempt because: 1) the decree containing the temporary order is not specific enough to be enforced by contempt; 2) an obligation to make house payments is a debt not punishable by contempt; 3) the temporary orders did not continue after entry of the divorce decree; 4) the temporary orders were void since the parties were divorced eleven months previously and the only issue before the court was property division; and 5) the trial court's judgment was stayed by the filing

of a supersedeas bond and perfection of appeal and is not enforceable by contempt.

The parties were married on October 31, 1945. On February 26, 1981, Appellant filed his Original Petition requesting a divorce. Appellee filed an Original Answer and Cross-Petition for Divorce. The trial court signed temporary orders on October 12, 1983, following a hearing and decision thereon on October 7, 1983. Those orders provided in part:

> IT IS ORDERED that DANIEL T. WHITT, SR., pay to DONNA L. WHITT temporary support the sum of ONE THOUSAND DOLLARS ($1,000.00) per month, with the first payment being due and payable on the 15th day of October, 1983, and a like payment being due and payable on the 15th day of each and every month thereafter until further order of this Court....
>
> IT IS FURTHER ORDERED that DANIEL T. WHITT, SR. M [sic] pay all note payments in connection with the home located at 1008 Rose Circle, Bryan, Texas, being a payment on the primary indebtedness as well as on the second lien on said home....

On December 12, 1983, the trial court entered a decree of divorce. However, three days later on the 15th of December, the trial court entered a Decree of Divorce Nunc Pro Tunc. The December 15th decree stated:

> IT IS FURTHER DECREED AND ORDERED that the Temporary Orders heretofore entered on or about the 7th day of October, 1983, continue in full force and effect until this Judgment becomes final and is satisfied, those being orders that DANIEL T. WHITT, SR. pay to DONNA L. WHITT temporary support in the sum of $1,000.00 per month, and that DANIEL T. WHITT, SR., pay all note payments in connection with the home located at 1008 Rose Circle, Bryan, Texas 77801, being a payment on the primary indebtedness as well as on the second lien on said home.

Appellant did not make the temporary support payments scheduled for December

15, 1983, January 15, February 15, and March 15, 1984. Additionally, Appellant failed to make the payments on the first lien on the house during January, February and March, 1984; nor has he made the second lien payments scheduled for February and March, 1984.

In February, counsel for the Appellee-Movant filed with the trial court a motion to hold the Appellant in contempt for failing to make the payments listed in the temporary orders and Decree of Divorce Nunc Pro Tunc. However, since the Appellant had perfected his appeal from the divorce decree prior to the time the contempt motion was filed with the trial court, this court and not the district court had jurisdiction over the contempt matter. *See Ex parte Boniface,* 650 S.W.2d 776 (Tex.1983). Appellee then filed the Motion for Contempt with this court and we ordered the trial court to hold an evidentiary hearing. Appellee argues that Appellant should be held in contempt for the failure to make the temporary support payments and the failure to make the payments on the first and second liens. While he concedes that the payments were not made, Appellant raises several arguments as to why he should not be held in contempt.

In order for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific, and unambiguous terms so that a person will readily know what obligations are imposed upon him by the decree. *Ex parte Slavin,* 412 S.W.2d 43 (Tex.1967). Appellant argues that the decree is not clear and specific enough to be enforced by contempt. Appellant points out that the temporary orders state that they are to "continue in force during the pendency of this suit *until further order of this court* (emphasis added)." Appellant asserts that he does not know what was meant by "until further order of this Court", that the Court has entered further orders, and that the duration of the temporary orders is not clear and certain enough to be enforced by contempt.

If the Decree of Divorce Nunc Pro Tunc made no further mention of the Appellant's obligations under the temporary orders, Appellant's argument would carry more weight. However, the Decree of Divorce Nunc Pro Tunc entered on December 15, 1983 provides that the temporary orders continue until the judgment becomes final and is satisfied. By such language, the trial court continued the effect of the temporary orders and Appellant cannot now argue that his obligations ceased when the trial court entered a "further order."

Appellant also argues that he is uncertain as to the amount of money he allegedly owes and the total dollar amount he must pay in order to purge himself of any alleged contempt. The temporary order requiring Appellant to pay $1000 a month in support is clear and free from ambiguity. There is no dispute that Appellant has not made the payments scheduled for December 1983, January, February and March 1984. The orders of the trial court are clear and certain enough that Appellant should be expected to understand the duration of his obligation and the total amount of temporary support owed.

Appellant argues that the order requiring him to make payments on the notes is a debt which is not punishable by contempt. We agree with Appellant that the obligation to make payments on both the first and second liens as they fell due is not enforceable by contempt. To allow such debts to be enforced by contempt would amount to imprisonment in violation of Article I, section 18 of the Texas Constitution. *Ex parte Duncan,* 462 S.W.2d 336 (Tex. Civ.App.—Houston [1st Dist.] 1970, no writ); *Ex parte Weatherly,* 605 S.W.2d 661 (Tex.Civ.App.—Amarillo 1980, no writ).

In *Weatherly,* the relator was found in contempt of court for failing to comply with the temporary orders entered by the trial court after relator's wife had filed for divorce. The orders stated that relator was to pay a sum for his wife's use in paying current obligations. Relator also was required to pay $400 on or before

February 22 and $400 on or before March 22. Finally, relator was ordered to pay the first lien mortgage installments on the residence of the parties. Relator failed to make either $400 payment and failed to make any payments of the first lien. Relator was found in contempt and brought an original habeas corpus proceeding in the Court of Appeals. The court concluded that the order of the court ordering relator to make the installment payments was not enforceable by contempt. The opinion states:

> It is well settled in Texas Law that the obligation to make installment payments on a note is not enforceable by contempt, for such enforcement would amount to imprisonment for non-payment of a debt in violation of Article I, Section 18, of the Constitution of the State of Texas. *Ex parte Yates*, 387 S.W.2d 377, 380 (Tex. 1965); *Ex parte Duncan*, 462 S.W.2d 336, 338 (Tex.Civ.App. Houston [1st. Dist.] 1970, no writ). *Accord, Ex parte Gorena*, 595 S.W.2d 841, 845 (Tex.1979). Insofar as a judgment of contempt orders one imprisoned for debt, it is void. *Ex parte Yates, supra*, at 380; *Ex parte Provost*, 598 S.W.2d 310, 311 (Tex.Civ. App. Beaumont 1979, no writ).

605 S.W.2d at 663. We agree with the Amarillo court that the obligation to make installment payments on a home mortgage is not enforceable by contempt. Had the trial court characterized the note payments as temporary support pending the appeal, we might well reach a different result. However, the invalidity of the portion of the temporary orders requiring the payments on the first and second liens does not invalidate the remainder of the temporary orders.

■ The trial court has the power to enter orders requiring one spouse to make support payments to the other spouse. Tex.Fam.Code Ann. § 3.58(b)(2) & § 3.59 (Vernon Supp.1982–1983). The violations of such orders are punishable by contempt. Tex.Fam.Code Ann. § 3.58(e) (Vernon Supp.1982–1983).

As an additional reason why he should not be held in contempt, Appellant argues that the obligations imposed by the temporary orders did not continue after entry of the Decree of Divorce Nunc Pro Tunc. Appellant argues the obligation to make support payments did not continue after December 15. However, Appellant ignores the plain wording of the Decree of Divorce Nunc Pro Tunc which expressly continued his obligation to make support payments after December 15.

■ Appellant contends that the "temporary order was also void since the parties were divorced eleven months previously and only issue before court was property division." On November 18, 1982 the trial judge, after a hearing, orally announced that "the divorce will be granted." Appellee was not present at that hearing. At the November 18th hearing, the only issue before the court was whether a divorce should be granted. The issue of how the marital property should be divided was expressly reserved. Further, no decree was signed by the court.

On December 16, 1982, Appellee's present attorneys filed a motion entitled "Motion For A New Trial." The motion requested that the Court set aside any judgment which may have been entered on November 18th. Appellee's motion was based in part on the argument that the Court had erred by severing the issues of divorce and property division. *See Adam v. Stewart*, 552 S.W.2d 536 (Tex.Civ.App.— Houston [14th Dist.] 1977, no writ). There is no written indication in the record of the trial court's action on the motion.

Appellant argues the only issue before the trial court in October and November 1983 was property division and that the trial court was without authority to enter a temporary order of support. The oral statement by the trial judge at the conclusion of the hearing on November 18, 1982, that a divorce "will be granted," while reserving the issue of the property division, was an interlocutory order, not a final judgment. *Salas v. Salas*, 215 S.W.2d 362 (Tex.Civ.App.—Waco 1948, writ dism'd);

*Restelle v. Williford,* 364 S.W.2d 444 (Tex. Civ.App.—Beaumont 1963, writ ref'd n.r. e.). This interlocutory order could have been set aside at a later time by the trial court. *Restelle v. Williford,* 364 S.W.2d at 446. Since there was no final judgment, a formal Motion For New Trial was not necessary. From the record and the later proceedings, it is evident that the trial judge had set aside his interlocutory oral pronouncement granting a divorce and that all the issues were before the court in October and November 1983. Appellant's argument that the temporary order was void due to the November 18, 1982 oral order is overruled.

 Appellant's fifth argument as to why he should not be held in contempt is that a trial court's judgment is stayed by the filing of a bond and perfecting an appeal and the stayed judgment is not enforceable by contempt. Appellant argues that under TEX.R.CIV.P. 368 the trial court's judgment was stayed by the filing of a proper supersedeas bond. *See Ex parte Boniface,* 650 S.W.2d at 778. We agree that the filing of a proper supersedeas bond would stay execution of a money judgment. However, the filing of the bond does not supersede an order fixing temporary support pending appeal. *Ex parte Kollenborn,* 153 Tex. 350, 269 S.W.2d 339 (1954); *Clay v. Clay,* 550 S.W.2d 730, 735 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). The filing of a supersedeas bond does not stay the enforcement of a temporary order that one party pay temporary alimony to the other pending appeal. In this case it was clearly the intention of the trial judge that the effect of the temporary order be renewed and extended by the Decree of Divorce Nunc Pro Tunc. Appellant's argument that the temporary support obligations were stayed by the filing of a supersedeas bond is overruled.

We therefore find that the Appellant has failed to comply with the valid and continuing order that he pay temporary support to Appellee pending appeal and by reason of such failure, we find him guilty of contempt and assess his punishment at thirty days confinement in the County Jail of Brazos County, Texas.

 During the evidentiary hearing on this Motion for Contempt, Appellee presented testimony concerning the amount of attorney's fees incurred in this matter. The evidence showed that based upon the time involved $2000 was a reasonable and necessary amount of attorney's fees.

We order that the Appellant, Daniel T. Whitt, Sr., remain in the County Jail of Brazos County after the initial confinement of thirty days until he purges himself of his contempt by making payment of: $4,000, representing the unpaid monthly support payments of $1,000 scheduled for December, 1983, January, February and March 1984; any support payments due but unpaid from March 1984 to date of compliance; $2,000 for the attorney's fees incurred by Appellee; and all costs of court.

We further order that Appellant continue to make all support payments as they come due.

Relief Granted.