**Ex parte Stuart Felix WILLIAMS, Relator.**

**No. 01–93–00905–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 19, 1993.

Walter P. Mahoney, Pasadena, for appellant.

Martha C. Pitkin, Houston, for appellees.

Before HUTSON–DUNN, DUGGAN and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice.

On October 6, 1993, the court signed a commitment order finding relator in contempt for failure to pay child support and ordered him incarcerated. We released relator on bond pending a hearing in this Court.

In his first ground for release from custody, relator asserts that the commitment order is void in that it fails to specify when

and how the relator violated the court's decree that he pay child support.

The commitment order states that the court:

> is of the opinion and so finds that the said Stuart Felix Williams is guilty of Contempt of this Court in that he/she has failed and refused to pay child support as heretofore ordered in an amount of $2,137.50 as set forth in Exhibit A attached hereto.

Exhibit A reflects payments of $237.50 to be made by relator, the due dates for the payments on the first and 15th of each month, starting August 1, 1990, and the amounts that relator actually paid or did not pay on those dates. We hold that the commitment order is not vague because, incorporating the attachment by reference, it sets out in ordinary and concise language what the July 27, 1990 decree required, how relator violated it, and the relief ordered by the trial court. *Ex parte Occhipenti,* 796 S.W.2d 805, 809 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding); Tex.Fam.Code Ann. § 14.33(a) (Vernon Supp.1993). Relator's first ground for release is overruled.

■ In his third ground, relator asserts that the commitment order is void in that it requires him to pay $1,246 in investigator's fees as costs of court before his release.

In its commitment order, the court assessed relator $1,246 as costs. At the contempt hearing, Mrs. Williams testified that when her husband moved, he did not tell her his new address and she had to hire a private investigator to find him so he could be served with the papers for the contempt action. Counsel for Mrs. Williams testified that $1,246 in charges for a private investigator was necessitated by relator's failure to comply with the divorce decree's requirement to disclose his whereabouts to Mrs. Williams.

■ Section 11.18(a) of the Texas Family Code (Vernon 1986) authorizes the courts to award costs in contempt proceedings. "Costs" usually refer to fees and charges required by law to be paid to the courts or some of their officers, the amount of which is fixed by statute or the court's rules e.g. filing and service fees. *Westech Eng'g. v. Clear-water Constructors,* 835 S.W.2d 190, 206 (Tex.App.—Austin 1992, no writ). In this case, the fees assessed as costs were not generated by the courts or some of their officers, but rather by a private investigator. The provision assessing the $1,246 of private investigator's fees as costs was beyond the power of the court to enter, and, therefore, it is void. *See Ex parte Goad,* 690 S.W.2d 894, 896 (Tex.1985) (a void order is one that is beyond the power of the court to enter). This, however, does not mean that relator shall be discharged from custody. We sever the portion of the commitment order assessing $1,246 of private investigator fees as costs against relator, deduct that amount from the amount relator must pay to purge himself of coercive contempt, and, as modified, leave the remainder of the commitment order intact. *See, e.g., Ex parte Linder,* 783 S.W.2d 754, 758 (Tex.App.—Dallas 1990, orig. proceeding) (court of appeals severed void portion from the contempt judgment and left the remainder intact). Relator's third ground is sustained.

■ In his second ground, relator asserts that the commitment order is void in that it sentences relator to 15 days in jail, yet allows relator's release upon payment of a specific sum of money.

The portion of the commitment order that relator complains about in this ground is as follows:

> his punishment for such contempt is here fixed at 15 days, *and* to remain there in confinement until he/she has made payment of the following, as hereby ordered by the Court:

> | | |
> | --- | --- |
> | Child Support Arrearage: | $2,137.50 |
> | Costs for Attorney's Fee: | $1,225.00 |
> | Other: | $ 73.00 |

> Upon the payment of said [$3,435.50], he will be purged of this contempt and will be released from confinement.[1]

(Emphasis added.)

■ A commitment order must specify in clear language the actions which the contemnor must perform in order to gain release.

---

1. Order shown as modified under the preceding ground for release from custody.

*Ex parte Oebel,* 635 S.W.2d 454, 456 (Tex. App.—San Antonio 1982, orig. proceeding).

When the language of the commitment order is read as a whole, it is clear that the court ordered punishment for criminal contempt in the form of 15 days, which relator must spend in jail no matter what, and that the court further added a coercive component to the commitment order by providing that relator was to *"remain"* in confinement until he paid the arrearage plus costs and other fees. The court's use of the conjunctive word *"and"* rather than the disjunctive word, *"or,"* shows that both the incarceration and the payment of the money must be accomplished for relator to obtain his release. *See Ex parte Ramon,* 821 S.W.2d 711, 713 (Tex. App.—San Antonio 1991, orig. proceeding). There is no language in the order that makes the relator's confinement for 15 days conditional. The court used absolute language when speaking of the 15 days confinement. If the language were interpreted as relator contends, that upon the payment of $3435.50, he can be released, no matter when he pays it, the court's inclusion of the "and" and the "15 days" language would make no sense. We hold the plain meaning of the language is to require relator to be confined for 15 days to satisfy the criminal contempt provision of the court's order, and then to be released upon the payment of the total of the arrearage and legitimate costs of $3,435.50 to satisfy the coercive contempt provision.

Relator's second ground is overruled.

■ In his fourth ground, relator asserts that the commitment order is void in that it is vague and ambiguous because it finds "Stuart Felix Williams" violated the order, but directs the sheriff to confine "Stuart Felix."

This mistake in the court's commitment order is obviously a typographical error. Such a mistake does not render the order void. *See, e.g., Ex parte Benitez,* 590 S.W.2d 704, 707 (Tex.1979) (mistake in date of contempt order did not invalidate commitment order). Relator's fourth ground is overruled.

We hold the order of commitment modified to provide that relator will be released upon payment of $3,435.50, is not void. Relator is remanded to the custody of the sheriff of Harris County, Texas, to serve his confinement in accordance with the terms of the order of commitment as modified.