Opinion issued September 14, 2006












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00655-CV 




IN RE ROBERT E. LOZANO, JR., Relator




Original Proceeding on Petition for Writ of Mandamus




O P I N I O N

           Relator Robert E. Lozano has filed a petition for writ of mandamus challenging
the trial court’s


 April 27, 2006 order of civil and criminal contempt for failure to pay
spousal maintenance and home mortgage installments.


 In five issues, Robert
complains that (1) the order of contempt is void because the underlying decree lacks
specificity; (2) the trial court abused its discretion in holding Robert in contempt for
failure to pay spousal maintenance; (3) the trial court abused its discretion in holding
Robert in contempt for failure to make payments in the nature of a debt; (4) the trial
court abused its discretion by entering a judgment in an amount not supported by the
pleadings; and (5) the trial court abused its discretion in denying Robert’s motion for
new trial. 
          We conditionally grant the petition for writ of mandamus. 
Background
           Robert and Jody Lozano were married in 1997, and Jody petitioned for divorce
in March of 2005. On April 14, 2005, the trial court entered “Agreed Temporary
Orders” providing that Robert was to pay spousal support to Jody in the amount of
$1,384 per month, as a salary from the family-owned business, and to pay “all
community debts, including the house payment, utilities, car note, and all other fixed
debt and/or credit card debt.” The temporary orders were to “continue in full force
until the signing of the Final Decree of Divorce or until further order of [the trial
court].” 
          On December 1, 2005, the trial court entered an “Agreed Final Decree of
Divorce,” in which Jody was awarded the house as her sole and separate property.
Under “Special Provision—House Sale,” the decree provides that the “basic
temporary orders shall remain in full force and effect until the wife sells the home and
closes thereon.” Under “Additional Orders,” the decree provides that “the Temporary
Orders in this case rendered on or about April 14, 2005, shall remain in full force and
effect, until the house . . . is sold and closing has occurred [with certain exceptions].” 
The decree does not order Jody to sell the house. 
          From February 2006 to March 2006, Robert failed to pay certain spousal
support payments, house payments, and utilities payments. On March 29, Jody filed
a “Petition for Enforcement of Spousal Maintenance.” On April 27, after a hearing,
the trial court found that Robert had violated the provisions of the final decree by
having failed to pay five installments of spousal support and two installments on the
house note. The trial court held Robert in criminal contempt, sentencing him to 60
days in the Harris County jail for having committed each of the seven violations. In
addition, the trial court held Robert in civil contempt, ordering him to thereafter
remain incarcerated until he paid in full the amounts listed in the seven violations, as
well as attorneys fees and costs. In addition, the trial court entered a judgment
against Robert for a maintenance arrearage under the prior decree. 
          Robert immediately paid the sums due under the seven violations, as well as 
the attorneys fees and costs. On May 2, after a hearing, the trial court found that
Robert had purged himself of contempt and “suspended his sentence.”


 On May 17,
Jody filed a second petition for enforcement, seeking “revocation of the suspension,”
on the basis that Robert failed to make the May 1 payment on the house note and was
continually failing to pay the utilities. On May 23, Robert moved for a new trial on
the enforcement of the spousal support. After a hearing on July 6, the trial court
denied Robert’s motion for new trial, but stated that it would not move forward on
Jody’s petition for enforcement to allow Robert time to file for “a writ of habeas
corpus.” This petition for writ of mandamus followed. 
          Robert asks this Court to direct the trial court to vacate its April 27, 2006 order
of contempt and to direct the trial court “to make no further findings of contempt
against Relator with respect to the payment of spousal support, house payments,
utilities, or any other obligations which are in the nature of a debt.”
Failure to Pay Spousal Maintenance and House Note 
           In his second and third issues, Robert contends that the trial court abused its
discretion in holding him in contempt for failure to pay spousal support and for
failure to make installment payments on the house note.


 During the May 2 hearing,
the trial court found that Robert had purged himself of contempt by having paid the
sums due for violations numbered 1–7 and the attorney’s fees as ordered. The only
issue remaining appears to be the punitive sentence for criminal contempt.



          A party may contractually agree to pay spousal maintenance and, once such an
agreement is approved by the court and made part of its judgment, the agreement
becomes a judgment of the court. Ex parte Gorena, 595 S.W.2d 841, 844 (Tex.
1979); Rivera v. Office of Attorney Gen., 960 S.W.2d 280, 283 (Tex. App.—Houston
[1st Dist.] 1997, no writ). A court-approved contractual agreement for spousal
maintenance is enforceable by order of contempt. Tex. Fam. Code Ann. § 8.059
(Vernon 2006). However, it “is enforceable by contempt only to the extent that the
support awarded is also authorized by the Texas Family Code and Constitution.” Ex
parte Hall, 854 S.W.2d 656, 656 (Tex. 1993). But see Gorena, 595 S.W.2d at 845
(stating in earlier case law that enforceability of contempt order did not depend on
statutory authority). Generally, the Family Code requires the trial court to limit the
duration of the maintenance to three years from the date of the order and to further
limit the duration to the shortest reasonable period that will allow the spouse seeking
maintenance to obtain appropriate employment or skills to meet minimum needs,
unless the ability of the spouse to so provide is substantially diminished. Tex. Fam.
Code Ann. § 8.054. 
          Here, pursuant to the temporary orders, Robert must pay Jody “as temporary
spousal support $1,384 per month which is paid as a salary from the family owned
business . . . until further order of this Court.” The final decree orders that “[t]he
basic Temporary Orders in this case remain in full force and effect, until the house
. . . is sold and closing has occurred, SAVE AND EXCEPT the following provisions:
[health insurance, cell phone, toll tag].” Hence, Robert’s obligation is to pay spousal
support to Jody in the form of a salary from Robert’s business “until further order”
by the trial court, and this provision will remain in effect “until the house . . . is sold.”
          First, the limiting factor imposed on Robert’s obligation is not authorized by
the Family Code. The Family Code provides that maintenance is to be limited to the
shortest period possible that will allow the receiving spouse to develop job skills and
provide a reasonable level of self-support. Tex. Fam. Code Ann. § 8.054. There is
no statutory authorization for limiting spousal maintenance by, as here, the sale of a
house. 
          In addition, because the duration of Robert’s obligation to pay spousal
maintenance is without meaningful limitation, it exceeds that authorized by the
Family Code. The Family Code mandates that maintenance must be limited to three
years unless the court finds that the ability of the recipient spouse to provide self-support is substantially diminished. See Tex. Fam. Code Ann. § 8.054(a), (b). There
is nothing in the record before us indicating any such finding. The decree and the
temporary orders it extends provide that Robert is to pay spousal support until the
house is sold. However, there is no language in the decree or temporary orders that
compels Jody ever to sell the house.  
          The record shows that the Lozano’s divorce became final on December 1,
2005, but it was not until March 22, 2006 that Jody first put the house on the
market—listing it with the real estate agency that employs Jody and for an amount
well above the home’s appraised value. On April 18, 2006, at the hearing on Jody’s
first petition for enforcement, Jody testified that, although she has the house on the
market, there is no language in the decree that orders her to sell the house. In
addition, the trial court explained to Robert that “technically the way this decree was
written she could take it off the market and, yeah, you could pay her bills for the next
three or five years. . . . These papers were pretty open-ended. She could stay in that
house indefinitely while you are paying for it.” At the contempt hearing on May 2,
2006, Jody’s counsel stated that Jody need not ever sell the house because “there was
nothing to force her to do so, so she could just not sell it at all if she didn’t want to.” 
          The wisdom of the parties’ agreement is not before this Court; rather, the sole
issue is whether the agreement is enforceable by contempt. We conclude that
Robert’s obligation to pay maintenance is not limited to three years and is without
substantive limitation because it rests on a contingency that may never occur. The
discussion in the trial court supports this conclusion. Hence, the maintenance ordered
goes beyond that authorized by the Family Code, which permits an indefinite duration
of support only if there has been a finding that the ability of the recipient spouse to
provide for his or her minimum reasonable needs through employment is substantially
or totally diminished. See Tex. Fam. Code Ann. § 8.054(a), (b); Pickens v. Pickens,
62 S.W.3d 212, 217 (Tex. App.—Dallas 2001, pet. denied). Because Robert’s
obligation to pay spousal maintenance exceeds that authorized by the Family Code,
it is not enforceable by contempt. See Hall, 854 S.W.2d at 656, 658. Hence, those
portions of the order that hold Robert in contempt for failure to pay spousal
maintenance (violations enumerated 1-5 in the order) are void. See In re Villanueva,
56 S.W.3d 905, 908–10 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding)
(holding those portions of contempt order void that are beyond trial court’s power to
enter). When, as here, each violation is listed separately and is assessed a separate
punishment, the invalid portion is severed from the order, and the valid portion
stands. See In re Henry, 154 S.W.3d 594, 598 (Tex. 2005); Ex parte Williams, 866
S.W.2d 751, 753 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding). 
          With respect to Robert’s related third issue, that the trial court erred in holding
him in contempt for his failure to make two house payments (violations enumerated
6 and 7), it is well-settled that an obligation in a divorce decree to make installment
payments on a home mortgage is not enforceable by contempt because such
enforcement amounts to imprisonment for failure to pay a debt, in violation of Article
I, Section 18, of the Texas Constitution. See Tex. Const. art. I, § 18; Whitt v. Whitt,
684 S.W.2d 731, 735 (Tex. App.—Houston [14th Dist.] 1984, orig. proceeding); Ex
parte Duncan, 462 S.W.2d 336, 338 (Tex. Civ. App.—Houston [1st Dist.] 1970, orig.
proceeding). Hence, those portions of the order that hold Robert in contempt for
failure to pay two installments on the house note (violations enumerated 6 and 7) are
void and severed from the remaining order. See Henry, 154 S.W.3d at 598; Williams,
866 S.W.2d at 753; Whitt, 684 S.W.2d at 735.
          We conclude that none of the violations enumerated in the order are punishable
by contempt, and thus no contemptuous acts remain to support the April 27, 2006
order. We need not reach the issues of whether the underlying decree lacked
specificity, whether the trial court erred in arriving at a judgment not supported by the
pleadings, or whether the trial court erred in denying Robert’s motion for new trial. 
Conclusion
          We hold that the trial court abused its discretion in holding Robert in contempt
for failure to pay spousal maintenance and for failure to pay installments on the house
note. Accordingly, we conditionally grant Robert’s petition for writ of mandamus
and direct the trial court to vacate its April 27, 2006 order of contempt. Our writ will
issue only if the trial court fails to comply with this order.
 
 
                                                                        Evelyn V. Keyes
                                                                        Justice
 
Panel consists of Justices Keyes, Alcala, and Bland.