Thomas Richard WOOD, Appellant,

v.

Kimberly Ann O'DONNELL, Appellee.

No. 2–94–161–CV.

Court of Appeals of Texas,
Fort Worth.

March 10, 1995.

David B. Lobingier, Hill, Beatty, Butcher
& Gallagher, and Tom E. Hill, Fort Worth,
for appellant.

Law Office of Gary L. Nickelson and Gary
L. Nickelson, Sydney A. Beckman, Fort
Worth, for appellee.

Before DAY and LIVINGSTON, JJ., and
PATRICE BARRON, Former Justice,
Sitting by Assignment.

## OPINION

DAY, Justice.

Thomas Richard Wood appeals from the trial court's granting of Kimberly Ann O'Donnell's request to modify the joint conservatorship of Austin Charles Wood (Austin). We reverse and remand to the trial court.

## FACTS

The agreed final decree of divorce signed February 2, 1989, appointed both O'Donnell and Wood as joint managing conservators of Austin with O'Donnell retaining primary physical possession. The decree also provided that O'Donnell could establish Austin's legal domicile only within Tarrant County.

Wood, on November 18, 1993, filed a motion to modify the joint conservatorship. Specifically, Wood wanted the trial court to appoint him as sole managing conservator or alternatively, give him the right of primary physical possession of Austin because O'Donnell wanted to move Austin to near San Antonio. O'Donnell responded to Wood's motion by filing an answer and a countermotion to modify the joint conservatorship to allow her to establish Austin's residence and domicile outside the court's jurisdiction. The trial court granted O'Donnell's countermotion and modified the domicile requirement to allow O'Donnell to establish Austin's residence and domicile in Medina County, Texas.

## STANDARD OF REVIEW FOR MODIFICATION OF JOINT CONSERVATORSHIP

■ The trial court modified the joint managing conservatorship under section 14.081 of the Texas Family Code. According to section 14.081:

(c) After a hearing, the court *MAY* modify the terms and conditions of an existing joint conservatorship decree if:

(1)(A) the circumstances of the child or one or both joint managing conservators have materially and substantially changed since the rendition of the decree to be modified; *OR*

(B) the decree has become unworkable or inappropriate under existing circumstances; *AND*

(2) a modification of the terms and conditions of the decree *would be a positive improvement for and in the best interest of the child.*

TEX.FAM.CODE ANN. § 14.081(c) (Vernon Supp.1995) (emphasis added). This statute clearly grants the trial judge discretionary power to modify a joint conservatorship, but only when the two criteria are met. Therefore, the proper standard of appellate review for a trial court's modification of a joint conservatorship under section 14.081 is an abuse of discretion standard. *See Thompson v. Thompson*, 827 S.W.2d 563, 566–67 (Tex. App.—Corpus Christi 1992, writ denied).

## ABUSE OF DISCRETION

■ In point of error four, Wood asserts the trial court erred in modifying the joint conservatorship because there is "no evidence" or alternatively, "insufficient evidence" to support the trial court's modification. Wood thus argues the wrong standard of appellate review in appealing a trial court's decision to modify a joint conservatorship. The correct standard is an abuse of discretion standard. Under an abuse of discretion standard, legal and factual insufficiency *are not independent grounds of error,* but are rather relevant factors in assessing whether the trial court abused its discretion. *See D.R. v. J.A.R.*, 894 S.W.2d 91 (Tex. App.—Fort Worth 1995, n.w.h.); *In The Interest of Pecht*, 874 S.W.2d 797, 800 (Tex. App.—Texarkana 1994, no writ); *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex.App.—Houston [1st Dist.] 1993, no writ). Therefore, we overrule point of error four.

■ In point of error three, Wood asserts the trial court erred in modifying the joint conservatorship because it failed to follow the statutory standards for modification under section 14.081(c)(2). While Wood never uses the words "abuse of discretion" in this point of error, the point of error clearly

raises it.[1] Therefore, we will review the trial court's modification order using an abuse of discretion standard.

In determining whether a trial court abused its discretion, we must determine "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); *Kirkpatrick v. Memorial Hosp. of Garland*, 862 S.W.2d 762, 776 (Tex.App.—Dallas 1993, writ denied). Furthermore, an abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

Here, the trial court explained its discretionary decision to allow the modification of the joint conservatorship in the following statement of facts:

> 16. The Court finds that [O'Donnell] desired to relocate her residence to Hondo, Texas, which is in Medina County, Texas.
> 17. The Court finds from the evidence that there was no economic reason or other reason to remove the child from Tarrant County, Texas, and relocate the child in Medina County, Texas.
> 18. *The Court finds that the living, school, and parenting benefits to the child in Tarrant County, Texas, would be in the best interest of the child.*

> 19. The Court finds that it *MUST* follow the authority of *Bingham*.... Therefore, the Court finds that the *Bingham* case *PREVENTS* the Court from entering an order prohibiting [O'Donnell] from removing the child from the jurisdiction of the Court, and therefore, [O'Donnell] *MUST* be allowed to relocate the child outside Tarrant County, Texas. [Emphasis added.]

Clearly, the trial court only granted O'Donnell's modification because it felt bound by our previous decision in *Bingham v. Bingham*, 811 S.W.2d 678 (Tex.App.—Fort Worth 1991, no writ), not because O'Donnell met the criteria for modification under section 14.081.

In order to modify a joint conservatorship, the trial court must determine that it *would be a positive improvement for and in the best interest of the child.* TEX.FAM.CODE ANN. § 14.081(c) (Vernon Supp.1995). Here, the trial judge specifically found that it would be in Austin's best interest to remain in Tarrant County. Regardless of this, the trial judge granted the modification after determining that *Bingham* removed his discretionary power to refuse to modify the joint conservatorship.[2] Our decision in *Bingham*, however, never took away the discretionary power of the trial court to refuse to modify a joint conservatorship where the trial court specifically finds that it is not in the child's best interest to modify the joint conservatorship. In fact, *Bingham*'s holding only means that a fatal defect does not exist when the trial court fails to make an explicit finding that the modification is in the best interest of the child if the evidence clearly supports a determination that the trial court based its modification of the joint conservatorship on the best interest of the child. *Bingham*, 811 S.W.2d at 680–81. *Bingham* never held that a trial court could modify a joint conservatorship when it found the modification of the joint conservatorship would not be in the best interest of the child. Therefore, we hold the trial court abused its discretion by

---

1. We construe points of error broadly and liberally in the interest of justice. *Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex.1990).

2. *See Reyna v. Reyna*, 738 S.W.2d 772, 774 (Tex. App.—Austin 1987, no writ) ("[T]he court commits legal error if it declines to exercise a power of discretion committed to it by law when the circumstances require that the power be exercised.").

modifying the joint conservatorship after finding that Austin's best interest would be to remain in Tarrant County. We sustain point of error three.

Because of our holding above, we will not address points of error one or two. Additionally, we will not address O'Donnell's two cross-points.

We reverse the modification order of the trial court and remand the case for a new trial.