COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

DOUGLAS RAY KRONE,                                  )

                                                                              )              No.  08-03-00144-CV

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )              
143rd District Court

DORIS JUNE KRONE,                                        )

                                                                              )           
of Ward County, Texas

Appellee.                           )

                                                                              )         
(TC# 90-05-16182-CVW)

 

 

MEMORANDUM   OPINION

 

This is an appeal
from an order holding Appellant Douglas Ray Krone in
contempt for failing to provide meaningful and continuous health care coverage
for the children.  In his sole issue for
review, Mr. Krone contends there was insufficient
evidence to support the trial court=s
finding that he failed to provide continuous heath care coverage and its
further finding of contempt. 
Alternatively, Mr. Krone asserts that there
was evidence to support his affirmative defense to the allegation of contempt
based on his inability to pay.  We
dismiss the appeal for want of jurisdiction.








Mr. Krone and Appellee Doris June Krone were married in June 1981 and divorced in September
1990.  There are two children of the
marriage.  On November 28, 2000, the
trial court signed a Nunc Pro Tunc
Order modifying the final divorce decree on child support to include several
retroactive provisions addressing provision of health insurance coverage for
the children and payment of their uninsured medical expenses.  Under these provisions, Mr. Krone was responsible for providing and paying for health
insurance for the children.  On November
20, 2002, Ms. Krone filed a motion for enforcement
and a judgment for arrearages based on Mr. Krone=s alleged failure to pay child support
and failure to provide health insurance coverage for the children.  The trial court held a hearing on Ms. Krone=s
motions on February 19, 2003, and rendered an order of enforcement and a
judgment for arrearages.  With respect to
the enforcement order at issue in this appeal, the trial court found that Mr. Krone had failed to comply with and had violated the health
insurance provisions by failing to continuously provide meaningful and
continuous health care coverage for the children.  The trial court held Mr. Krone
in contempt for the violation, assessed punishment at a fine of $500, and
confinement in the Ward County Jail for a period of six months or until the
fine was paid in full.  The trial court,
however, suspended imposition of commitment and the fine and placed Mr. Krone on community supervision for a period of sixty months
beginning on the date the order was rendered conditioned upon Mr. Krone complying with certain terms and conditions.








The validity of a
contempt order cannot be attacked by direct appeal, but rather the party
attacking the order must apply for a writ of habeas corpus.  Ex parte
Williams, 690 S.W.2d 243, 243 n.1 (Tex. 1985); Metzger v. Sebek, 892 S.W.2d 20, 54-6 (Tex.App.‑‑Houston
[1st Dist.] 1994, writ denied), cert. denied, 516 U.S. 868, 116 S.Ct. 186, 133 L.Ed.2d 124 (1995); but see Deramus v. Thornton, 160 Tex. 494, 499, 333 S.W.2d 824,
827 (Tex. 1960)(stating that conditions may arise in contempt matters in which
a writ of habeas corpus would not be adequate and thus, mandamus relief would
be the proper remedy).  Although actual
confinement is the typical restraint of liberty for habeas purposes, some
courts have extended the meaning to include certain conditions of probation
beyond mere payment of the underlying obligation that constitute a tangible
restraint of liberty.  See Ex parte Brister, 801 S.W.2d
833, 834-35 (Tex. 1990); In re Pierre, 50 S.W.3d 554, 558 (Tex.App.--El Paso 2001, orig. proceeding).  We made no judgment as to whether or not Mr. Krone=s
circumstances constitute such a restraint. 
On appeal, Mr. Krone has not challenged the
judgment on arrearages, which was rendered in the same proceeding as the
contempt order.  Since the only issue
presented on appeal is a challenge to the contempt order, we conclude that we
have no jurisdiction to consider the appeal. 


Accordingly, we
dismiss the appeal for want of jurisdiction. 

 

 

June
10, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.