Petition for Writ of Habeas Corpus Denied and Majority and Dissenting
Opinions filed August 10, 2006








 

Petition
for Writ of Habeas Corpus Denied
and Majority and Dissenting Opinions filed August 10, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00674-CV

____________

 

IN RE MICHAEL EASTON, Relator

 



 

ORIGINAL PROCEEDING

WRIT OF HABEAS CORPUS

 



 

M A J O R I T Y   O P I N I O N

Michael Easton, relator, seeks relief from his alleged
unlawful restraint.  Relator specifically requests that we set aside the show
cause order of the Honorable Mike Wood, Judge of Harris County Probate Court
Number Two, and related writ of attachment.  We deny the relief sought by
relator.








This matter arises out of a contested appointment of a
guardian of the person and estate of Perry Lee Whatley.  It is sufficient,
here, to note simply that on August 3, 2005, Dawn Johnson Whatley, the wife of
Perry Lee Whatley, filed a motion to recuse Judge Wood from presiding over the
matter.  On August 8, 2005, Whatley filed an amended motion to recuse Judge
Wood.  Judge Wood referred the amended recusal motion to the presiding judge of
the statutory probate courts, who assigned the motion to the Honorable Russell
Austin, Judge of Harris County Probate Court Number Four.[1] 
Another party, Susan C. Norman, then filed a motion to recuse Judge Austin. 
The motion to recuse Judge Austin was ultimately denied, as was the motion to
recuse Judge Wood.

However, on September 9, 2005, Whatley filed a second
motion to recuse and disqualify Judge Wood.  On September 12, 2005, Dawn
Whatley filed a third motion to recuse and disqualify Judge Wood.  Judge Wood
referred these motions to the presiding judge, who appointed Judge Gladys
Burwell to hear these matters.  Judge Burwell subsequently denied the September
12 motion, but made no ruling on the September 9 motion.  After this omission
was brought to her attention, Judge Burwell recently denied the motion to
recuse filed on September 9, 2005.[2] 


While a motion to
recuse is pending, the  legislature has provided that Athe judge shall
make no further orders and shall take no further action in the case after
filing of the motion and prior to a hearing on the motion.@  Tex. R. Civ. P. 18a(d).  However,
during the pendency of the second motion to recuse, relator allegedly attempted
to communicate with Judge Wood via his private email address.  Relator=s status as a
party and his interest in the case are uncertain, but to curtail the alleged
communications, Judge Wood issued the following order on February 7, 2006:

On this day the Court on its own motion orders that all counsel,
specifically including Michael Easton, pro se, are to cease and desist using
Judge Mike Wood=s personal email address.  Such action
constitutes ex parte communication with Judge Wood.








Relator,
along with two licensed attorneys, filed a motion to vacate the order on the
ground that they had no advance notice, no opportunity for a hearing, and were
denied due process by the court=s unilateral act.  They also claimed they
were being improperly enjoined Afrom doing something that the taxpayers
would otherwise be able to do.@[3]

On February 17, 2006, a hearing was held on relator=s motion to vacate
the February 7 order not to engage in ex parte communications.  At that
hearing, Judge Wood spoke directly to relator and advised him that AAn e-mail to my
e-mail address is an ex parte communication.  It is forbidden.  If you do it
again, or if anybody does it again, I am going to hold you in contempt.@  Notwithstanding
these explicit instructions, relator allegedly sent an email to Judge Wood=s personal email
address the following day, February 18, 2006.

The court issued a personal citation commanding relator to
appear at 9:30 a.m. on August 3, 2006, to show cause why he should not be held
in contempt.  Relator failed to appear.  Accordingly, the trial court has
issued a writ of attachment for relator=s arrest.

The purpose of a habeas corpus proceeding is not to
determine the ultimate guilt or innocence of the relator, but to ascertain
whether the relator has been confined unlawfully.  In re Turner, 177
S.W.3d 284, 287B88 (Tex. App.CHouston [1st
Dist.] 2005, orig. proc.). This court has jurisdiction to issue a writ of
habeas corpus when it appears there is some  Arestraint of
liberty@ by virtue of an
order, process, or commitment issued by a court or judge because of the
violation of an order, judgment, or decree previously made, rendered, or
entered by the court or judge in a civil case.  Tex. Gov=t Code Ann. ' 22.221(d) (Vernon 2004).








Here, relator is not in actual confinement.  To our
knowledge, he is still evading the writ of attachment.  Relator refers us to
the holding in Ex parte Casillas as constituting some authority that a
pending arrest warrant constitutes Arestraint of
liberty.@  25 S.W.3d 296
(Tex. App.CSan Antonio 2000, orig. proc.).  In that case, the
contemnor had already been found in contempt.  The contemnor failed to appear
at a subsequent punishment hearing, and the trial court sentenced the contemnor
to 180 days in jail.  The court of appeals noted that the contemnor=s whereabouts were
unknown, but that her liberty had been restrained for the purposes of
entertaining her application for writ of habeas corpus.  We would first observe
that the facts in Casillas are distinctly different from the ones
presented here.  Here, relator has not been found in contempt and no punishment
has been imposed.  Moreover, the opinion of our sister court in San Antonio is
not controlling authority.

We are aware that courts have extended the meaning of the
term Arestraint of
liberty@ beyond actual
imprisonment.  The Texas Supreme Court, for example, has held that when a
contemnor is sentenced to jail and released on bond pending review by habeas
corpus, there is sufficient restraint of liberty to justify issuance of the
writ of habeas corpus.  See Ex parte Williams, 690 S.W.2d 243, 244 (Tex.
1985).  Courts have also extended the meaning of restraint to include
probation.  In re Pierre, 50 S.W.3d 554, 558 (Tex. App.CEl Paso 2001,  orig.
proc.).  However, we are reluctant to make a further extension of this doctrine
and hold that the mere threat of arrest or the evasion of a warrant constitutes
some form of Arestraint.@  Accordingly, we
perceive no jurisdiction to entertain an application for a writ of habeas
corpus.

However, relator=s requested
relief, i.e., to set aside the show cause order and writ of attachment, is more
in the nature of a writ of mandamus than a writ of habeas corpus.  But even if 
we were to construe relator=s application for a writ of habeas corpus
as a petition for a writ of mandamus, his contentions nevertheless fail on
their merits. 








In his first issue, relator contends all of Judge Wood=s aforementioned
actions and orders are void because several motions for recusal were still
pending against Judge Wood.  As we have previously noted, Whatley=s motion of
September 9, 2005, was unresolved at the time Judge Wood issued his order of
February 7, 2006.  Moreover, relator contends he filed a motion to recuse Judge
Wood on November 3, 2005, that is still pending.[4] 
However, A[c]ourts of justice are universally acknowledged to be
vested, by their very creation, with power to impose silence, respect, and
decorum, in their presence, and submission to their lawful mandates.@  Chambers v.
NASCO, Inc., 501 U.S. 32, 43 (1991).  If a court is to be a court, it must possess
certain inherent powers Awhich cannot be dispensed with . . .
because they are necessary to the exercise of all others.@  Id.

Further, the
inherent judicial power of a court

. . . is not
derived from legislative grant or specific constitutional provision, but from
the very fact that the court has been created and charged by the constitution
with certain duties and responsibilities.  The inherent powers of a court are
those which it may call upon to aid in the exercise of its jurisdiction, in the
administration of justice, and in the preservation of its independence and
integrity.  Inherent power of the courts has existed since the days of the Inns
of Court in common law English jurisprudence. . . . It also springs from
the doctrine of separation of powers between the three governmental branches. Tex. Const. Art. II, Sec. 1. This power
exists to enable our courts to effectively perform their judicial functions and
to protect their dignity, independence and integrity.

Eichelberger
v. Eichelberger,  582 S.W.2d 395, 398B99 (Tex. 1979). 
Among the inherent powers of a court are the power (1) to change, set aside or
otherwise control their judgments, (2) to summon and compel the attendance of
witnesses, (3) to punish by contempt, (4) to regulate the admission and
practice of law, (5) and to provide personnel to aid the court in the exercise
of its judicial function.  Id. at 399 n.1.  These powers are governed
not by rule or statute, but by the control necessarily vested in courts to
manage their own affairs so as to achieve the orderly and expeditious
disposition of cases.  Chambers, 501 U.S. at 43.








Finally, we do not perceive Judge Wood=s orders
prohibiting ex parte communications, his show cause order, or the writ of
attachment as having any relation to the underlying guardianship dispute.  The
Rules of Civil Procedure provide that while a recusal motion is pending Athe judge shall
make no further orders and shall take no further action in the case.@  Tex. R. Civ. P. 18a(d) (emphasis
added).  By his aforementioned orders, Judge Wood has taken no action in
disposing, adjudicating, or resolving any aspect of the underlying case.

Rule 18a(d) is designed to be a shield, not a sword.  It
does not permit a party to file a motion to recuse and then disobey, insult,
antagonize, or disrespect the court with impunity.

In a second issue, relator contends that Judge Wood should
not be permitted to be Athe complainant, sole witness, and trial
judge.@  The legislature
has provided that an officer of the court Awho is held in
contempt by a trial court shall, on proper motion filed in the offended court,
be released on his own personal recognizance pending a determination of his
guilt or innocence.@  Tex.
Gov=t Code Ann. ' 21.002(d) (Vernon 2004).  Further, the Apresiding judge of
the administrative judicial region in which the alleged contempt occurred shall
assign a judge who is subject to assignment by the presiding judge other than
the judge of the offended court to determine the guilt or innocence of the
officer of the court.@  Id.  However, Judge Wood has not
had an opportunity to conduct a show cause hearing, relator has not yet been
held in contempt, and no punishment has been assessed.  Further, relator is not
an attorney, does not claim to be an officer of the court, and has not sought a
hearing before another judge because it is premature to do so.  Only after the
offended judge has made a determination that an officer of the court is in
contempt does the contemnor have the right to a hearing before another judge.  Ex
parte Avila, 659 S.W.2d 443, 445 (Tex. Crim. App. 1983).  Thus, if
relator is entitled to a hearing before another judge pursuant to Section
21.002(d), he must first appear before Judge Wood.

Accordingly, we deny relator=s petition for
writ of habeas corpus.

 

 

/s/      J. Harvey Hudson

Justice

 

 

Petition for Writ of Habeas Corpus
Denied and Majority and Dissenting Opinions filed August 10, 2006.

Panel
consists of Justices Hudson, Frost, and Seymore.   (Seymore, J., dissenting.)









[1]  In re Norman,  191 S.W.3d 858, 860
(Tex. App.CHouston [14th Dist.] 2006, orig. proc.)





[2]  In re Whatley, No. 14-05-01222-CV, 2006 WL
1490161, at *4 (Tex. App.CHouston [14th Dist.] Jun. 1, 2006, orig. proc.).





[3]  It may be a common misconception among laymen that they
are free to engage in ex parte communications with a judge about a pending
case.  However, an officer of the court should have no such illusion.  Ex parte
communications with a court regarding a pending case are always improper and,
in some instances, may constitute a criminal offense.  See Tex. Pen. Code Ann. ' 36.04 (Vernon 2003); Tex. Disciplinary R. Prof=l Conduct 3.05, reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, ' 9); Tex. Code
Jud. Conduct, Canon 2(B), reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G app. B (Vernon 2005).





[4]  Apparently, there is some dispute as to whether
relator has standing to file a motion to recuse.  That issue, however, has not
been raised, briefed, or brought before us.